STATE *vs.* DANIEL F. LONG.

Androscoggin.    Opinion June 8, 1922.

*In a complaint under Paragraph 7, Sec. 12, of Chap. 36 of the R. S., the phrases "one firkin containing forty pounds of lard, twenty pounds of butter, and one bowl containing two pounds of lard" taken together as a whole constitute a sufficient description of the articles of food alleged to have been exposed to contamination in violation of law. The gravamen of the offense is the offering, in violation of the statute, goods for sale that have been exposed to forbidden contamination.*

The phrases "one firkin containing forty pounds of lard, twenty pounds of butter, and one bowl containing two pounds of lard" must be read together and taken as a whole in describing the articles of food alleged to have been exposed to contamination in violation of the statute.

The gravamen of the offense is not in the offering of goods for sale, but in violating the statute in offering goods that have been exposed to forbidden contamination.

The language of the complaint stated the case under the statute and gave the respondent ample notice of the issues he would be required to meet.

On exceptions by respondent.    This complaint which originated in the Municipal Court, alleged that the respondent offered for sale certain articles of adulterated food, in violation of Paragraph 7, Sec. 12, of Chap. 36 of the R. S.    The respondent filed a general demurrer with the right to plead over, asserting as a ground on which his demurrer was based, that it was the containers of the articles of food that were offered for sale, and not the contents thereof.

After a hearing on such demurrer, the presiding Justice overruled the same, and adjudged the complaint good, to which ruling the respondent excepted.    Exceptions overruled.    Respondent to plead over.

The case is stated in the opinion.

*Benjamin L. Berman, County Attorney,* for the State.

*Frank T. Powers,* for the respondent.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

SPEAR, J.   This is a case in which Daniel F. Long of Lewiston is charged in a complaint originating in the Municipal Court, with offering for sale certain articles of food, alleged to be adulterated or misbranded under Chap. 36 of the R. S., Sec. 12, Paragraph 7, namely: "For the purpose of this chapter an article shall be deemed to be adulterated . . . . if in the manufacture, sale, distribution, transportation, or in the offering or exposing for sale, distribution or transportation, it is not at all times securely protected from filth, flies, dust and other contamination, or other unclean, unhealthful or unsanitary conditions."

The complaint is as follows:   "L. J. Dumont of Lewiston, in the County of Androscoggin, on the twenty-third day of July, in the year of our Lord one thousand nine hundred and twenty-one, in behalf of the state on oath complains:   That Daniel F. Long, on the twenty-third day of July A. D. 1921, at said Lewiston, unlawfully did then and there offer for sale at the restaurant conducted by him, the said Daniel F. Long, certain articles of food, to wit; one firkin containing forty pounds of lard, twenty pounds of butter, and one bowl containing two pounds of lard, which said food was then and there adulterated, in that the said food was not then and there protected from flies, dust and other contamination and being then and there exposed to unclean, unhealthful and unsanitary conditions."

To this complaint the respondent filed a general demurrer, with the right to plead over.   The ground upon which the demurrer is based is stated in the respondent's argument as follows:   "According to the plain wording of the complaint he is charged with offering for sale at his restaurant "one firkin containing forty pounds of lard." It is the firkin and not the contents, which is descriptive of the firkin, that he is charged with offering for sale; and this could also apply to the "bowl containing two pounds of lard."

The meaning of the complaint when construed according to the ordinary meaning of the words and phrases used to express the charge against the respondent, is clear and intelligible.   The phraseology is that the defendant offered for sale "one firkin containing forty pounds of lard."   In simpler language, but meaning precisely the same, so far as the differentiation between the firkin and the lard

is concerned, it states that he offered for sale "a firkin of lard." The amount is immaterial. Can it be said, if a person entered a store and called for a firkin or pail of lard that he would expect to receive an earthern pot or empty tin pail? Or would he expect to receive a firkin or pail containing a certain quantity of lard.

*Held:*

(1) That the phrases "one firkin containing forty pounds of lard, twenty pounds of butter, and one bowl containing two pounds of lard" must be read together and taken as a whole in describing the articles of food alleged to have been exposed to contamination in violation of law.

(2) That the gravamen of the offense is not in the offering of goods for sale, but in violating the statute in offering goods that have been exposed to forbidden contamination.

(3) That the language of the complaint stated the case under the statute and gave the respondent ample notice of the issues he would be required to meet.

*Exceptions overruled.*
*Respondent to plead over.*