PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* NICOMEDES MOJICA, Defendant and Appellant.

No. 4173.   Argued June 25, 1930.—Decided August 1, 1930.

*Amador Ramírez Silva* for appellant.   *R. A. Gómez* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Nicomedes Mojica was convicted of a violation of "An Act providing punishment for the adulteration of coffee, and for other purposes," Laws 1928, p. 166.

Secton 1 provides that—

"It shall be illegal to adulterate or to mix coffee, in the grain, ground, or pulverized, with any other grain or substance with the intention of selling it, or to offer or have it for sale. . ."

The information charges that—

"The aforesaid defendant Nicomedes Mojica, on or about a day in February, 1930, in Sabana Grande, which forms part of the judicial district of Mayagüez, P. R., illegally, maliciously, and wilfully kept for sale in his commercial establishment in Sabana Grande adulterated ground coffee for human consumption."

The sole contention of appellant is that the district court erred in overruling a demurrer for want of facts sufficient to constitute a crime.

Appellant concedes by implication that the information would be sufficient if it followed the words of the statute. His objection in the court below was that the information did not charge in the language of the statute that the coffee in question had been mixed "with any other grain or substance". The brief proceeds upon the same theory.

The district judge was right in overruling the objection.

In *State* v. *Long,* 117 A. 303, defendant was charged with having offered for sale "certain article of food, to wit, one firkin containing 40 lbs. of lard, 20 lbs. of butter, and one

bowl containing 2 lbs. of lard, which said food was then and there adulterated. . .''

There the contention was, in substance, that defendant was charged with having offered for sale the firkin and the bowl and not the contents.

The Supreme Judicial Court of Maine held—

"That the language of the complaint stated the case under the statute and gave the respondent ample notice of the issues he would be required to meet."

The case is not directly in point. There are no cases directly in point. In the Maine case, respondent, like appellant herein, was juggling with words.

Subdivision 6 of section 82 of the Code of Criminal Procedure requires that the act charged as the offense be clearly and distinctly set forth in such a manner as to enable a person of ordinary understanding to know what is intended.

In the instant case the act charged as the offense was clearly and distinctly set forth in such a manner as to enable a person of ordinary understanding to know what was intended.

A person of ordinary understanding, when charged with having kept for sale adulterated coffee, does not need to be told that the coffee in question had been adulterated by the admixture of some other grain or substance. It could not have been adulterated, in the ordinary sense of that word, in any other way.

The judgment appealed from will be affirmed.