EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NICOMEDES MOJICA, acusado y apelante.

No. 4173.—*Sometido:* Junio 25, 1930. *Resuelto:* Agosto 1, 1930.

*Amador Ramírez Silva,* abogado del apelante; *R. A. Gómez,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Nicomedes Mojica fué convicto de infracción de la ''Ley

proveyendo lo necesario para castigar la adulteración de café, y para otros fines,'' Leyes de 1928, pág. 167.

La sección 1 dispone que:

''Será ilegal adulterar o mezclar café en grano, triturado o molido, con cualquier otro grano o sustancia, con la intención de venderlo, ofrecerlo o tenerlo en venta. . .''

La acusación imputa que:

''El referido acusado Nicomedes Mojica, allá en o por uno de los días del mes de febrero de 1930, en Sabana Grande, que forma parte del Distrito Judicial de Mayagüez, P. R., ilegal, maliciosa y voluntariamente tenía para la venta en su establecimiento comercial en Sabana Grande, café molido adulterado con el fin de dedicarlo al consumo humano.''

La única contención del apelante es que la corte de distrito erró al declarar sin lugar una excepción perentoria por falta de hechos suficientes para constituir delito.

El apelante admite por inferencia que la acusación sería suficiente si siguiera las palabras del estatuto. La objeción suscitada en la corte inferior fué que la acusación no imputaba, con la fraseología del estatuto, que el café en cuestión había sido mezclado ''con cualquier otro grano o sustancia.'' El alegato sigue la misma teoría.

El juez de distrito estuvo acertado al declarar sin lugar la objeción.

En el caso de *State* v. *Long*, 117 Atl. 303, se imputó al acusado el haber ofrecido a la venta ''ciertos artículos alimenticios, a saber: un cuñete conteniendo 40 libras de manteca, 20 libras de mantequilla y un bote conteniendo 2 libras de manteca, artículos que allí y entonces estaban adulterados. . .''

En dicho caso la contención fué substancialmente que se imputaba al acusado el haber ofrecido en venta el cuñete y el bote y no su contenido.

La Corte Suprema Judicial del Estado de Maine dijo:

''Que la fraseología de la denuncia presentaba el caso de confor-

midad con el estatuto e informaba al acusado ampliamente de las imputaciones que se le hacían.''

El caso no es directamente aplicable. No hay casos que lo sean. En el caso de Maine el acusado, al igual que el apelante en el presente, estaba dándole vueltas a las palabras.

El inciso 6 del artículo 82 del Código de Enjuiciamiento Criminal exige que la acción considerada como delito esté expuesta clara y distintamente de tal modo que facilite a cualquier persona de inteligencia común, conocer lo que se quiere decir.

En el caso presente el acto imputado como delito estaba expuesto clara y distintamente de tal modo que facilitaba a cualquier persona de inteligencia común conocer lo que se quería decir.

Una persona de inteligencia común al ser acusada de tener a la venta café adulterado no necesita que se le diga que el café en cuestión había sido adulterado mezclándolo con algún otro grano o sustancia. El café no podía ser adulterado, en el significado corriente de esa palabra, en ninguna otra forma.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf disintió.*

El Juez Asociado Señor Texidor no intervino.